IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action No. 12-1461 |
| v. | )   Judge Cathy Bissoon |
| | )   Magistrate Judge Mitchell |
| CHRISTINE GALE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Jean Coulter ("Plaintiff") brings the instant cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq*. Plaintiff alleges that Defendants violated her rights under First and Fourteenth Amendments to the Constitution of the United States, as well as her "fundamental rights as a parent," due to their alleged acts and omissions in connection with proceedings to terminate her parental rights in the Court of Common Pleas of Butler County, Pennsylvania.[1]  (Doc. 1 at 14-16).  It appears from the complaint that Plaintiff may be attempting to raise state law fraud, contract and malpractice claims as well. Id. at 14-16.

---

[1] Plaintiff does not explicitly allege the subject of the underlying state court proceedings in her complaint, preferring instead to refer to it obliquely as "matters." (Doc. 1 at 2). However, Plaintiff is no stranger to this Court, and has filed no fewer than eight civil rights lawsuits involving these and related "matters" since September of 2011. Compare Civ. A. Nos. 11-1201, 12-60, 12-338, 12-641, 12-978, 12-1050, and 12-1241, and 12-1461. Plaintiff appealed from the dismissal of 11-1201 on March 26, 2012.  The dismissal of that case was affirmed summarily on May 30, 2012.  See Coulter v. Doerr, No. 12-1864, 2012 WL 1941594 (3d Cir. May 30, 2012). Chief United States District Judge Gary L. Lancaster dismissed 12-641 for lack of jurisdiction on June 17, 2012, and that decision also has been affirmed by the Court of Appeals.  See Coulter v. Allegheny Cnty. Bar Assoc., No. 12-2988, 2012 WL 4015082 (3d Cir. Sept. 13, 2012).  This Court dismissed 12-978 for lack of subject matter jurisdiction on August 21, 2012, and notice of appeal from that decision was filed on September 19, 2012.  See Coulter v. Ramsden, No. 12-3685 (3d Cir. filed Sep 19, 2012).  12-338 was dismissed on September 13, 2012, and Plaintiff filed notice of appeal on October 9, 2012. 12-60 was dismissed on October 12, 2012.  Orders to show cause currently are pending in 12-60, 12-1050 and 12-1241.  Because of Plaintiff's history (continued. . .)

On October 11, 2012, the magistrate judge issued an order that Plaintiff show good cause why her complaint should not be dismissed for lack of subject matter jurisdiction. (Doc. 2 at 1) Plaintiff timely filed a response thereto on November 1, 2012. (Doc. 3).

As Plaintiff is well aware,[2] two threshold requirements must be met in order to state a claim under Section 1983: first, the alleged misconduct giving rise to the cause of action must have been committed by a person acting under color of state law; and second, the defendant's conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). An otherwise private person acts "under color of" state law when he or she enters into a conspiracy with state officials to deprive another of his or her federal rights. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). However, when pleading such a conspiracy, a plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991)); see also Loftus v. Se. Pa. Transp. Auth., 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("[w]hile

---

of filing related – and indeed duplicative – cases, the magistrate judge, the undersigned and the Court of Appeals have had the opportunity to explain to Plaintiff, *ad nauseam*, the reasons why her repetitive arguments lack merit. To date, Plaintiff remains willfully blind to those explanations.

[2] See Coulter v. Ramsden, No. 12-978, 2012 WL 3611282 (W.D. Pa. July 31, 2012) (Report and Recommendation adopted by 2012 WL 3595387 (W.D. Pa. Aug. 21, 2012)). The allegations in Ramsden, in pertinent part, are strikingly similar to those made in the case at bar. In Ramsden, Plaintiff alleged that certain non-state actors violated a myriad of her constitutional rights in connection with their alleged acts and omissions during the course of her 2010 state court termination proceedings. Those defendants included another set of attorneys who represented her during those proceedings, as well as their law firm. 2012 WL 3611282, at * 1. Plaintiff attempted to turn those individuals into state actors by making conclusory allegations that they conspired with Defendant Doerr – a party to that case, as well as the present one, and a frequent target of Plaintiff's malicious, duplicative lawsuits. Her allegations were lacking, and that case was dismissed.

the pleading standard under Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements"). Nor may a plaintiff rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Voc'l Tech'l Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). The Court of Appeals for the Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the specific conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990).

Only Defendant Doerr[3] – the judge who presided over Plaintiff's termination proceedings – qualifies as a state actor in the instant case. While Plaintiff attempts to salvage her constitutional claims against the other Defendants with accusations of conspiracy, her allegations, even if true, do not "nudge[] [her] claims across the line from conceivable to plausible . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To the contrary, Plaintiff's allegations of fact do not so much as hint at the existence of a conspiracy between Defendant Doerr and any other person. Moreover, it is clear from her allegations that any leave

---

[3] For reasons with which Plaintiff is quite familiar, Defendant Doerr is immune from suit in this case under both the Eleventh Amendment to the Constitution and the doctrine of absolute judicial immunity. See Coulter v. Doerr, No. 12-1864, 2012 WL 1941594, at *2 (3d Cir. May 30, 2012). See also Ramsden, 2012 WL 3611282, at *3 (W.D. Pa. July 31, 2012) (adopted by 2012 WL 3595387 (W.D. Pa. Aug. 21, 2012)). Sadly, this fact – no matter how often it is explained – has not dissuaded Plaintiff from continuing to file multiple malicious, meritless lawsuits naming this individual as a defendant.

to amend would be futile. As such, Plaintiff's federal claims will be dismissed with prejudice. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Finally, in light of the fact that all of Plaintiff's federal claims have been disposed of, this Court declines to exercise supplemental jurisdiction over her claims under state law, pursuant to 28 U.S.C § 1367(c)(3). These claims will be dismissed without prejudice to Plaintiff raising them in state court, if appropriate.

AND NOW, this 19th day of November, 2012,

IT IS HEREBY ORDERED that this case is dismissed for lack of subject matter jurisdiction. Plaintiff's state law claims are dismissed without prejudice to refiling in state court, if appropriate.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc:
**JEAN COULTER**
4000 Presidential Boulevard
Apartment #507
Philadelphia, PA 19131